DOLEN et al. v. LOBIT et al. (No. 7617.)

(Court of Civil Appeals of Texas. Galveston. Jan. 16, 1919.)

Dissenting opinion.

For majority opinion, see 207 S. W. 143.

PLEASANTS, C. J. (dissenting in part). I fully concur with my Associates in the conclusion that the judgment of the trial court in this case should be reversed, but I do not think the record presents any question of fact which requires the cause remanded for a new trial. All of the material facts are undisputed. During the time the land in controversy was held by Baker and Hutcheson as tenants at will of appellees, Dolen was the "boss" of their cattle ranch, and as such boss or foreman had general control and care of the stock and looked after the fences around the several pastures composing the ranch. He did not live on the land in question, nor in the pasture in which it was inclosed with other lands. The undisputed evidence shows that, about the time the firm of Baker and Hutcheson sold out their cattle business and Dolen's employment with them ceased, one side of the fencing inclosing the pasture in which this land was situated was destroyed by fire and the land remained uninclosed for several years before Dolen fenced, took possession, and set up claim to it. Neither Baker nor Hutcheson placed Dolen in possession of the land or authorized him to fence it, or even knew that he intended so doing. When Dolen took possession he did not know that appellees had a title to the land, and knew nothing of the agreement under which Baker and Hutcheson had previously held possession of the land as tenants of appellees. I think these undisputed facts show that Dolen was never a tenant of appellees, and his possession of the land was not obtained through or under Baker and Hutcheson, or either of them, and therefore he was not required to give notice to appellees of his claim to the land in order for such claim by adverse possession and use to ripen into title. The facts of his adverse claim and possession for more than ten years being undisputed, I think judgment should be here rendered in his favor. The fact that appellants do not ask to have judgment rendered does not, in my opinion, authorize this court to remand a cause for a new trial, when the facts in the case are shown to be fully developed and are undisputed.